# ATTACHMENT C

167 Ariz. 599
Court of Appeals of Arizona,
Division 2, Department A.

The STATE of Arizona, Appellee,
v.
Gene Edward KATZORKE, Appellant.

No. 2 CA–CR 89–0260.
|
Nov. 6, 1990.
|
Reconsideration Denied Dec. 28, 1990.
|
Review Denied May 21, 1991.

**Synopsis**
Defendant was convicted, in the Superior Court of Pima County, Cause No. CR–24770, Michael D. Alfred, J. pro tem., of negligent homicide and negligent child abuse, and he appealed. The Court of Appeals, Livermore, P.J., held that trial judge's refusal to require prosecutor to explain use of peremptory challenge to remove sole black juror violated equal protection.

Reversed.

West Headnotes (1)

[1]  **Constitutional Law**  Peremptory challenges
     **Criminal Law**  Impaneling jury in general
     **Jury**  Peremptory challenges
     Trial judge's refusal to require prosecutor to explain his use of peremptory challenge to remove sole black juror in prosecution of Hispanic defendant violated equal protection and was reversible error. U.S.C.A. Const.Amend. 14.

     3 Cases that cite this headnote

**Attorneys and Law Firms**

**\*\*598** **\*600** Robert K. Corbin, The Atty. Gen. by Jessica Gifford Funkhouser and Bruce M. Ferg, Tucson, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Frank P. Leto, Tucson, for appellant.

OPINION

LIVERMORE, Presiding Judge.

Defendant was convicted of negligent homicide and negligent child abuse for the death of his wife's nine-month-old child. Because of an error in the jury selection process, we reverse.

The prosecutor used a peremptory challenge to remove the only black juror. Defense counsel objected, citing *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), a case holding that a minority defendant could object on equal protection grounds to a prosecutor's use of peremptory challenges to strike jurors of the defendant's race, and demanded an explanation for the exclusion of the sole black juror. The trial judge refused, apparently on the ground that defendant, a Hispanic, had no standing to object to the exclusion of jurors from differing races.

*Batson,* by its terms, appears to require that the defendant be of the same cognizable racial group as the stricken juror. In *State v. Superior Court,* 157 Ariz. 541, 760 P.2d 541 (1988), our supreme court avoided that requirement and granted standing to challenge racially motivated exclusions of jurors to a defendant of a different race, by premising that result on the sixth amendment right to an impartial jury. But that interpretation of the federal constitution was subsequently rejected in *Holland v. Illinois,* 493 U.S. 474, 110 S.Ct. 803, 107 L.Ed.2d 905 (1990).

Accordingly, it was error in this case not to inquire into potential racial motivation for the use of peremptory challenges only if the equal protection clause itself protects against such exclusion regardless of the defendant's race. For the reasons stated by Justice Kennedy, concurring in *Holland,* we believe that it does. Justice Kennedy noted that racially motivated exclusion violates the juror's constitutional rights, and then went on to state:

> Many of the concerns expressed in *Batson,* a case where a black defendant objected to the exclusion of black jurors, support as well an equal protection claim by a defendant whose race or ethnicity is different from the dismissed juror's. To bar the claim whenever the defendant's race is not the same as the juror's would be to concede that racial exclusion of citizens from the duty, and honor, of jury service will be tolerated, or even condoned. We cannot permit even the inference that this principle will be accepted, for it is inconsistent with the equal participation in civic life that the Fourteenth Amendment guarantees. I see no obvious reason to conclude that a defendant's race should deprive him of standing in his own trial to vindicate his own jurors' right to sit. As Justice MARSHALL states, *Batson* is based in large part on the right to be tried by a jury whose members are selected by nondiscriminatory criteria and on the need to preserve public confidence in the jury system. These are not values shared only by those of a particular color; they are important to all criminal defendants.

493 U.S. at ——, 110 S.Ct. at 811–812, 107 L.Ed.2d at 922. From the concurring and dissenting opinions in *Holland,* it appears that this view commands a majority of the United States Supreme Court. It accords, as well, with the philosophical basis of our supreme court's opinion in *State v. Superior Court, supra.*

Reversed.

HATHAWAY and LACAGNINA, JJ., concur.

**All Citations**

167 Ariz. 599, 810 P.2d 597

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.